```
 1  TARA K. MCGRATH
    United States Attorney
 2  ALICIA P. WILLIAMS
    EVANGELINE A. DECH
 3  Assistant U.S. Attorneys
    California State Bar Nos. 262823; 326332
 4  United States Attorney's Office
    880 Front Street, Room 6293
 5  San Diego, California 92101-8893
    Telephone: (619) 546-8917; 9744
 6
    Attorneys for Plaintiff
 7  UNITED STATES OF AMERICA
```

FILED
MAY 16 2024
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. <u>23-CR-0512-CAB</u> |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| JONATHAN MANUEL FLORES, | |
| Defendant. | |

IT IS HEREBY AGREED between plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and Evangeline A. Dech and Alicia P. Williams, Assistant United States Attorneys, and defendant, JONATHAN MANUEL FLORES, with the advice and consent of Nicholas Depento, counsel for defendant, as follows:

//
//
//
//
//
//
//

APW:01/22/2024

Def. Initials J.F

I

## THE PLEA

A.  THE CHARGE

Defendant agrees to waive indictment and plead guilty to Counts 5-7 of the Superseding Information charging Defendant with:

Count 5: 18 U.S.C. § 111(b) - Assault on a Federal Officer with a Deadly or Dangerous Weapon

Count 6: 18 U.S.C. § 924(c) - Brandishing a Firearm in Furtherance of a Crime of Violence

Count 7: 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2 - Engaging in the Business of Dealing Firearms Without a License and Aiding and Abetting.

This plea agreement is part of a "package" disposition. In order for defendant to receive the benefit of this agreement, co-defendant DOMINGO FERNANDO-SIMON, aka "Fernando Simon-Domingo," and PEDRO DAMIAN GOMEZ-MAYO also must plead guilty at the same time. See Section VI.E. below.

Defendant further agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. With respect to any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government need not preserve, and may destroy, the controlled substance thirty (30) days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for, and complete, such testing within the above-referenced thirty (30) day period, unless that period is extended by joint written agreement between the parties or by order of the Court, in which case the Government shall preserve the controlled substance for the agreed-

upon or judicially mandated period. Furthermore, if the court has issued a preservation order in connection with any seized evidence, the Defendant agrees to jointly request that the Court lift or revoke the preservation order following entry of defendant's guilty plea.

B. <u>FORFEITURE</u>

In addition, Defendant consents to the forfeiture allegations of the Superseding Information and to the forfeiture of all property(ies) seized in connection with the case. The forfeiture is more fully set forth in the attached forfeiture addendum, incorporated herein.

C. <u>DISMISSAL OF INDICTMENT</u>

The Government agrees to (1) move to dismiss the Indictment, as to defendant, in 23-cr-512-CAB without prejudice after the defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charges unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Further, in exchange for defendant's guilty plea, the United States agrees not to charge defendant with a violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(B)(iii) - Brandishing a Machinegun in Furtherance of a Crime of Violence, which carries a 30-year mandatory minimum.

If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

D. <u>TIMELINESS/OFFER REVOCATION</u>

The disposition contemplated by this plea agreement is conditioned on (1) Defendant accepting the offer by either signing this agreement or agreeing that the Government can lodge it with the Court on or before noon (12pm PST) on **February 9, 2024**; and (2) Defendant's guilty plea being entered or tendered before the Court thereafter.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

**Count 5: 18 U.S.C. § 111(b) - Assault on a Federal Officer with a Deadly or Dangerous Weapon**

1. Defendant forcibly assaulted Special Agent K. Duncan.
2. Defendant did so while Special Agent K. Duncan was engaged in, or on account of his official duties.
3. Defendant used a deadly or dangerous weapon.

As to the forfeiture for Count 5, Defendant understands the Government would have to prove by a preponderance of the evidence that the properties it seeks to forfeit are property, real and personal, which were used to facilitate or were intended to be used to facilitate the commission of the offense.

**Count 6: 18 U.S.C. § 924(c) - Brandishing a Firearm in Furtherance of a Crime of Violence**

1. Defendant committed a crime of violence.
2. Defendant knowingly brandished a firearm during and in relation to that crime of violence.

As to the forfeiture for Count 6, Defendant understands the Government would have to prove by a preponderance of the evidence that the properties it seeks to forfeit are property, real and personal, which were used to facilitate or were intended to be used to facilitate the commission of the offense.

//
//
//

4

Def. Initials J.F
23-CR-0512-CAB

**Count 7: 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2**

1. Defendant was willfully engaged in the business of dealing in firearms between June 28, 2022 and February 17, 2023; and

2. Defendant did not then have a license as a firearms dealer.

As to the forfeiture for Count 7, Defendant understands the Government would have to prove by a preponderance of the evidence that the properties it seeks to forfeit are firearms and ammunition involved in the offense.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning no later than June 2022 and continuing through February 2023, co-defendant DOMINGO FERNANDO-SIMON, aka "Fernando Simon-Domingo," ("FERNANDO-SIMON") willfully sold and arranged for the sale of firearms to ATF undercover agents on seven occasions in the San Diego County.

2. During this period, FERNANDO-SIMON did not have a license to be a firearms dealer or manufacturer.

3. FERNANDO-SIMON brokered these sales and sold the firearms intending to make a profit.

4. On or about January 10, 2023, and ending on or about February 17, 2023, there was an agreement between Defendant, JONATHAN MANUEL FLORES ("FLORES") FERNANDO-SIMON to engage in the unlawful sale of firearms by knowingly providing firearms for sales to ATF undercover agents in San Diego County.

5. FLORES joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

6. Specifically, FLORES, FERNANDO-SIMON, and at least one other co-conspirator knowingly sold the following items to an ATF undercover agent on the following dates:

   a. **January 10, 2023**: a black Glock Model 48 9mm pistol bearing serial number BXVM61 with one magazine; a short barrel AR15 type Rifle PMF with one magazine and 16 rounds of ammunition; and an AR15 type Rifle PMF with one magazine and 22 rounds of ammunition in exchange for $4,760.

   b. **January 24, 2023**: a Hi-point, model 995, 9mm, rifle bearing serial number E2916(8); an un-serialized PMF, .223 caliber AR15 type pistol; an un-serialized PMF, .45 caliber pistol; 69 rounds of .223 caliber ammunition; and two, 30 round 5.56 caliber rifle magazines and a 45 round 5.56 caliber rifle magazine in exchange for $4,360.

   c. **February 6, 2023**: a Springfield Armory, model XDs-9, 9mm pistol bearing serial number HG942295 in exchange for $1,600.

   d. **February 10, 2023**: an un-serialized PMF short barrel rifle, AR15 type .233/5.556 and a .223/5.556 magazine in exchange for $2,650.

   e. **February 17, 2023**: a black and tan PMF pistol with 29 rounds of assorted 9mm ammunition in exchange for $1,500.

7. In addition to the black and tan PMF pistol sold on February 17, 2023, FERNANDO-SIMON agreed to sell an undercover ATF agent a Glock Pistol with a full auto conversion switch, commonly referred to as a "Glock Switch." The parties agreed to complete the sale on the same day. FERNANDO-SIMON arranged for the undercover ATF agent to meet with FLORES to complete the sale of the firearm.

8. Undercover ATF Special Agent K. Duncan, engaged in and acting on account of his official duties, met FLORES at a Wal-Mart parking lot in San Diego to complete the controlled purchase. During the purchase, FLORES grabbed the $2,000 payment for the firearm from Special Agent K. Duncan. FLORES then forcibly assaulted Special Agent K. Duncan by brandishing a dangerous weapon, a Glock, Model 45, 9mm, pistol bearing serial number BUKC318, while

telling Special Agent K. Duncan to get out of the car before "I smoke you."

9. Following his arrest later that evening, law enforcement recovered from FLORES the recorded funds and a Glock, Model 45, 9mm, pistol bearing serial number BUKC318 with a fully automatic conversion device or "Glock Switch" and a magazine loaded with twenty rounds of ammunition.

10. During the period in which FLORES conspired with SIMON-DOMINGO and others in the unlawful firearms business, FLORES did not have a license to be a firearms dealer or manufacturer.

## III

## PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

**Count 5:**

A. A maximum 20 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100 per count;

D. A term of supervised release of at least 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E. possible ineligibility for certain Federal benefits.

**Count 6**

A. life in prison; and a mandatory minimum 7 years;

B. a maximum $250,000 fine;

B. a mandatory special assessment of $100.00 per count;

C. a term of supervised release of not more than 5. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of

supervised release for the offense that resulted in such term of supervised release; and

D. forfeiture of all property constituting and derived from proceeds obtained as a result of the violations and property used and intended to be used to commit and to facilitate the commission of the offenses, and all firearms and ammunition involved in the offenses.

**Count 7**

A. a maximum of 5 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E. forfeiture of all property constituting and derived from proceeds obtained as a result of the violations and property used and intended to be used to commit and to facilitate the commission of the offenses, and all firearms and ammunition involved in the offenses.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

G. In addition, defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States

Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.  No one has threatened defendant or defendant's family to induce this guilty plea; and

D.  Defendant is pleading guilty because defendant is guilty and for no other reason.

E.  The disposition contemplated by this agreement is part of a "package" disposition with codefendants PEDRO DAMIAN GOMEZ-MAYO and JONATHAN MANUEL FLORES. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense

counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS[1]

Although the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures for Counts 5-7:

---

[1] The proposed sentencing guideline calculations are calculated using the 2021 Sentencing Guidelines Manual.

**Group 1: Aggravated Assault with a Firearm**

    Count 5 - 18 U.S.C. § 111(b) - Assault on a Federal Officer with a Deadly or Dangerous Weapon

| | | |
|---|---|---:|
| | 1. Base Offense Level [USSG § 2A2.2(a)] | 14 |
| | 2. Minimal Planning [USSG § 2A2.2(b)(1)] | +2 |
| | 3. Conviction under 18 U.S.C. § 111(b) [USSG § 2A2.2(b)(7)]: | +2 |
| | Total Offense Level | 18 |

**Group 2: Engaging in the Business of Dealing Firearms**

Count 7: 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2 - Engaging in the Business of Dealing Firearms Without a License and Aiding and Abetting

| | | |
|---|---|---:|
| | 1. Base Offense Level [USSG § 2K2.1(a)(5)] | 18 |
| | 2. Number of Firearms (8-24) [USSG § 2K2.1(b)(1)] | +4 |
| | 3. Trafficking Firearms [USSG § 2K2.1(b)(5)] | +4 |
| | Adjusted Offense Level | 26 |

    Total Offense Level Group 2: 26

**Combined Offense Levels: Grouping for Counts 5 and 7**

| | | |
|---|---|---:|
| | 1. Highest Offense Level [§ USSG 3D1.1] | 26 |
| | 2. Increase for Multiple Offenses [§ USSG 3D1.4] | +1 |
| | 3. Acceptance of Responsibility [§ USSG 3E1.1] | -3 |
| | Total Grouped Offense Level | 24* |

*Additionally, for Count 6, 18 U.S.C. § 924(c), Brandishing a Firearm in Furtherance of a Crime of Violence, Defendant is subject to

Def. Initials J.T.
23-CR-0512-CAB

7 years imprisonment to run consecutive to any sentence imposed in Count 5. [USSG § 2K2.4(b)]

A. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties may request or recommend additional adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

//
//

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.  RECOMMENDATION REGARDING CUSTODY

Pursuant to the § 3553(a) factors, the United States will recommend a sentence within the guideline range as calculated by the government, on Counts 5 and 7, to run concurrently. The United States will also recommend the mandatory minimum 7-year (84 months) sentence for Count 6 run consecutive to any sentence imposed in Count 5, and concurrent to any sentence imposed in Count 7. Defendant may recommend any lawful sentence.

G.  SPECIAL ASSESSMENT, FINES

   a.  Special Assessment. The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.

   b.  Fine. The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.  SUPERVISED RELEASE

The parties will jointly recommend a term of supervised release on all counts to run concurrently with each other. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release without the express written consent of the Government.

//

14                                    Def. Initials J.F
                                       23-CR-0512-CAB

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

XII

**BREACH OF THE PLEA AGREEMENT**

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    A.    Failing to plead guilty pursuant to this agreement;

    B.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

    C.    Failing to appear in court;

D.  Attempting to withdraw the plea;

E.  Filing any substantive motion after the plea is entered;

F.  Failing to abide by any court order related to this case;

G.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

H.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the

defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//

17

Def. Initials J.F
23-CR-0512-CAB

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

TARA K. MCGRATH
United States Attorney

4/23/2024
DATED

EVANGELINE DECH
ALICIA P. WILLIAMS
Assistant U.S. Attorneys

4/23/24
DATED

~~NICHOLAS DEPENTO~~
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

4/23/2024
DATED

JONATHAN MANUEL FLORES
Defendant

s/Joseph Orabona
Joseph Orabona
Chief, Violent Crime & Human Trafficking